[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to dissolve a marriage. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Newtown, Connecticut on June 25, 1971. There is one child issue of the marriage, Christopher who was born March 7, 1977. There were many problems in the marriage which need not be detailed and the parties eventually separated in December 1988. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
Neither party is awarded alimony.
The defendant is awarded custody of the child and the plaintiff shall have rights of reasonable visitation with him. The plaintiff shall pay support for the child in the amount of $100 per week.
The plaintiff shall maintain any medical insurance available to him through his employer for the benefit of the child, and any medical expenses not covered by such insurance shall be divided equally by the parties.
The plaintiff may claim the child as a deduction on his income tax return.
The plaintiff shall quit claim his interest in the parties jointly owned property at 16 Scott Avenue, Seymour to the defendant in exchange for a third mortgage on the property from the defendant. Said third mortgage shall be in the amount of $15,750 which is security for a mortgage note for the same amount payable in full on March 7, 1995 or upon the death, remarriage or cohabitation within the meaning of the Connecticut statute of the defendant. Said note shall be interest free until default when interest shall accrue at twelve (12%) percent per annum.
The defendant shall quit claim her interest in the parties jointly owned property at 44 North Fourth Street, Ansonia to the plaintiff.
Each party shall hold the other harmless from any and all claims as a result of the mortgages on the respective properties which they will own entirely as a result of the exchange of the quitclaims.
The parties shall continue to own all personal property currently in their possession.
The parties shall be personally responsible for the liabilities listed on their respective financial affidavits and shall hold the other party harmless from any and all claims for the same with the exception of the Barclay's bill on the plaintiff's financial affidavit which the defendant shall assume and pay and from which she shall hold harmless the plaintiff.
Each party shall pay and be responsible for their own attorney's fees in this matter.
There are two mortgages on the Seymour property which total $58,000. Both are with the Derby Savings Bank. It is obvious that the defendant will not be able to pay the principal and interest due on these mortgages with the money she has presently available, and she has so testified. The situation in the real estate market is such that banks are reluctant to take over properties on which they have mortgages which are in default. It may be that the defendant and her attorney will be able to work out some arrangement based on her financial situation so that she will not have to lose the Seymour property. The court has also noted suggestions that the Connecticut Legislature in the coming session probably will consider legislation for some long moratorium on such real estate matters for the protection of property owners.
THOMAS J. O'SULLIVAN, TRIAL REFEREE CT Page 3998
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 3999